**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:    15-0103** |
| **MARINICA-MIREL COTOI** | **SECTION: "G" (4)** |

**ORDER**

Before the Court is Defendant, Marinica-Mirel Cotoi's **Motion for Bill of Particulars** **(R. Doc. 17)**.  The motion is opposed (R. Doc. 27)[1] and was considered on the briefs on June 3, 2015. *See* R. Doc. 26.

## I.   Background

The Defendant is charged with three (3) counts of Bank Fraud in violation of 18 U.S.C. 1344. *See* R. Doc. 5. The Defendant is allegedly a member of a criminal organization[2] that would temporarily install electronic devices, known as card reading devices, on or near Navy Federal Credit Union ("NFCU") ATM facilities or ATM facilities used by NFCU banking customers. *Id*. According to the indictment, the card reading devices were capable of secretly extracting confidential information from the magnetic strip of ATM cards. *Id*. In addition to the above mentioned device, the indictment alleges that the criminal organization also used another device that was capable of secretly recording the Personal Identification Number ("PIN") assigned to ATM cards. The indictment alleges that the criminal organization would use the information obtained by the card reading device and PIN recording devices to conduct unauthorized financial transactions. *Id*.

---

[1] The Government untimely filed its opposition on June 2, 2015. According to Local Criminal Rule 12, the Government must file response pleadings no later than eight calendar days before the scheduled hearing date. The scheduled hearing date was June 3, 2015, thus the Government's response was due May 26, 2015. Despite the Government's untimeliness, the Court shall consider the opposition, but cautions counsel that such practices may result in future penalties.

[2] The indictment states that the criminal organization is comprised of persons known and unknown to the Grand Jury. No other identifying information is provided in regards to the criminal organization.

The indictment specifically alleges that the Defendant knowingly executed and attempted to execute a scheme to defraud the NFCU on March 21 and 22, 2015. The Defendant, according to the indictment, sought to obtain moneys, funds, assets, credits, and securities owned by and under the custody or control of the NFCU. The indictment claims that the transactions occurred in the Eastern District of Louisiana. The indictment also included information on the three transactions, the amounts, the dates and the last four digits of the ATM card numbers.[3]

The Defendant filed the instant motion seeking a bill of particulars specifying the particulars of the dates, times and locations of the alleged installation of the electronic devices and the unauthorized financial transactions. The Defendant also seeks other generalized information.[4] *See* R. Doc. 17. The trial is set in this matter for August 24, 2015. *See* R. Doc. 21.

## II.     Standard of Review

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars" and that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The granting of the bill of particulars is in the sound discretion of the trial court. *United States v. Harbin*, 601 F.2d 773, 778 (5th Cir. 1979). Further, the purpose of a bill of particulars is

> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, and to facilitate a plea of double jeopardy in the event of subsequent prosecution for the same offense.

---

[3] Each of the three transactions makes up the three counts of bank fraud. Count 1 is for an ATM withdraw in the amount of $400.00 on March 21, 2015 for card number ending in 1214; count 2 is for an ATM withdraw in the amount of $603.00 on March 21, 2015 for card number ending in 4596; and count 3 is for an ATM withdraw in the amount of $103.00 on March 22, 2015 for card number ending in 0607.

[4] In addition to seeking information specifically related to the bank fraud allegation, the Defendant appears to have copied requests from a motion for bill of particulars in another unrelated case. The Defendant's motion requests information related to a conspiracy charge but the Defendant has not been charged with conspiracy. Some of the Defendant's requests seek information pertaining to overt acts to be proven at trial; when, where, and in what manner each defendant became a member of the alleged conspiracy; names of all alleged conspirators not named in the indictment; specifications of the acts each defendant performed; and names of unindicted co-conspirators and co-conspirators who have become known since the indictment was returned.

*Id.* (citing *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) and *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972)).

An indictment will be deemed sufficient if it (1) contains the elements of the charged offense; (2) fairly informs the defendant of the charges against him; and (3) ensures that there is no risk of future prosecutions for the same offense." *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006) (quoting *United States v. Sims. Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001)). While "the defendant is entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt." *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citing *United States v. Cauble,* 706 F.2d 1322, 1334 (5th Cir. 1983))

## III.   <u>Analysis</u>

The Defendant seeks the dates, times and locations of the alleged installation of the card reading devices and PIN recording devices, and the dates, times and locations of the unauthorized financial transactions. *See* R. Doc. 17. The Defendant also seeks other general information that is not specifically related to the charges against him but related to an unindicted conspiracy charge. *Id.* The Defendant argues that a bill of particulars is important since the case involves more than one defendant and it is unclear which acts are attributable to each defendant. *See* R. Doc. 17-1, at 9. The Defendant contends that the information sought is absolutely essential to properly apprise him of the specific charges lodged against him and is necessary to avoid surprise at trial and guard against double jeopardy. *Id.*

In opposition, the Government argues that the Defendant's motion for a bill of particulars should be denied. *See* R. Doc. 27, at 5. The Government contends that it has provided the Defendant with significant discovery materials and met with the Defendant's counsel to review

the indictment and discovery. *Id.* at 3. The Government contends that the Defendant's requests have either been produced in discovery, related to an unindicted conspiracy charge, or are vague. *Id.* at 4.

Federal Rule of Criminal Procedure 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To be sufficient, an indictment must allege every element of the crime charged." *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996) (citing *United States v. Alford,* 999 F.2d 818, 823 (5th Cir. 1993)). "[A] valid indictment must set forth the alleged offense 'with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.'" *United States v. Dentler*, 492 F.3d 306, 309 (5th Cir. 2007) (quoting *United States v. Kay,* 359 F.3d 738, 742 (5th Cir. 2004)). The Fifth Circuit has held that while a "bare allegation in the indictment . . . is sufficient to withstand a motion to dismiss, it does not . . . meet fully the Government's obligation to permit [the] defendant to prepare a defense." *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978).

Under the Bank Fraud statute, the Government must prove "that the defendant knowingly executed or attempted to execute a scheme or artifice 1) to defraud a financial institution or 2) to obtain any property owned by, or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations or promises." *United States v. Odiodio*, 244 F.3d 398, 401 (5th Cir. 2001) (citing *United States v. Dadi*, 235 F.3d 945, 950 (5th Cir. 2000)).

After considering the facts of this case and the applicable law, the Court concludes that a bill of particulars is not necessary. First, the indictment alleges the necessary elements under the Bank Fraud statute, specifically that (1) the Defendant knowingly used card reading devices and

PIN recording devices on ATMs; and (2) the devices were used to fraudulently obtain money that was in the custody and control of the NFCU.

Second, the Court finds that providing the Defendant with the dates, times and locations of the transactions is not necessary to prevent the risk of double jeopardy in future prosecutions. The indictment alleges specific details to not only apprise the Defendant of the charges against him, but details to prevent the potential of subsequent prosecution for the same events. In the indictment it provides the specific dates of the transactions, the amount stolen in each transaction, and the last four digits of the ATM or debit card number attached to the transaction. This information should be enough for the Defendant to prepare his defense against these charges and enough to help him defend against future prosecution. Furthermore, the Government claims, and the Defendant does not dispute, that many of the Defendant's requests for information have been satisfied during discovery.

Finally, the Defendant's entire motion and memorandum are completely devoid of any argument advancing his specific need for a bill of particulars. The Defendant's filings appear to be from an unrelated conspiracy matter and are not tailored to the specific circumstances of this case. The filings reference the existence of co-defendants, overt acts, and the formation of a conspiracy, but the Defendant is the sole defendant named in the indictment and he is not charged with conspiracy. Additionally, the motion requests more information for terms that are vague, such as "various legal and unlawful means," but that phrase is not used in his indictment and he does not pointedly reference any other purportedly vague terms. Thus, the Defendant's motion provides no guidance to the Court on ascertaining his actual need for a bill of particulars.

Therefore, based on the foregoing,

**IT IS ORDERED** that Defendant, Marinica-Mirel Cotoi's **Motion for Bill of Particulars (R. Doc. 17)** is **DENIED**.

New Orleans, Louisiana, this <u>24th</u> day of June 2015.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**